TONY LUTHER RICE, Plaintiff in Error, v. STATE
OF TENNESSEE, Defendant in Error.—
475 S.W. 2d 178.

October 29, 1971.

Certiorari Denied by Supreme Court December 20, 1971.

Russell Rice, Jackson, for plaintiff in error.

David M. Pack, Attorney General, Weldon B. White, Jr., Assistant Attorney General, Nashville, Whit LaFon, Assistant District Attorney General, Jackson, for defendant in error.

DWYER, J.  A jury found Tony Luther Rice guilty of petit larceny and fixed his punishment at confinement for not more than two years. The trial court pronounced judgment on the verdict and, on overruling the motion for new trial, this appeal was seasonably perfected.

Through court-appointed counsel assignments of error have been filed attacking the validity of this judgment. In reading the record filed in this cause we find the following facts pertinent to the evaluation of his contentions.

On September 14, 1970, an automobile with South Carolina license plates, occupied by defendant and two companions, pulled into Bill's 70-40 Texaco, a service station, located in Madison County at Highway 70 and Interstate 40, East. The defendant and his two companions alighted from the car, with defendant engaging the proprietor in a conversation about buying a tire. The two companions went to the drink machine.

An employee coming from the restroom noticed that the two companions had the change box of the drink machine. The two men then went to the car, and the employee went to the car and asked for the return of the change box. He noticed defendant running to the car. He further related that the driver put a pistol in his face and stated, ''I don't think you're going to do anything.'' The car sped away and the proprietor then reported the theft to police. On the basis of a description of the hold-up men and car, the defendants were spotted by the Police Department of Jackson and on being pursued defendants stopped the car, got out and ran. They were observed by a witness who related one had a pistol in his hand. They were apprehended in a short while by local police and later were identified at police headquarters by the owner of the station. The defendant testified and denied knowledge of the theft of the change box by his companions. He admitted to being in the service station and admitted to hearing the employee demand the return of the change box and, further, that he ran when the policeman approached with a drawn gun. These are the material facts which our review of this record reveals to us. It is not necessary for us to review the evidence pro and con and make a detailed relation of the facts in this record in order for us to arrive at our conclusions. See Hargrove v. State, 199 Tenn. 25, 281 S.W.2d 692.

The first three assignments go to the sufficiency of the evidence, which we view in the light of settled law that the defendant is in this court under a presumption of guilt, having lost the presumption of innocence by the verdict of the jury approved by the trial court.

He has the burden to show that the evidence preponderates against his guilt and in favor of his innocence. See Bacon v. State, 215 Tenn. 268, 385 S.W.2d 107. As we view this record from the facts as we have found them and as accredited by the verdict of the jury, we feel there is a sufficiency of the evidence to support the verdict. It was a factual question for the jury as to whether defendant was in concert with his companions on the theft of the change box. We conclude that when the employee sounded the alarm defendant ran to the car and got in. He also fled when the patrol car started pursuing them and they stopped. That defendant ran (flight) is a factor which the jury could and did consider. We are satisfied that the jury could and did infer defendant was distracting the owner while his companions were committing the theft. The assignments pertaining thereto are accordingly overruled.

■ Defendant next contends he was prejudiced by the evidence being admitted that a pistol was used, predicating this assertion on the fact that no indictment flowed therefrom; therefore, the evidence was incompetent. With this we disagree. As we view the factual events the use of the pistol was part of the "res gestae" and therefore competent. He further argues there was no pistol, as such, but an atomizer used by one of his companions. This conflict in the evidence was for the jury's determination and is therefore resolved. We see no reason to disturb this finding. The assignment is overruled.

■ Defendant next contends that the lineup, as such, was contra to the United States v. Wade, 388 U.S.

218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed2d 1178, United States Supreme Court decisions which set the standards for constitutional lineups in the absence of counsel. We are satisfied that the lineup, as such, was violative of the standards decreed by those decisions. When the defendant testified and admitted to being in the service station and present when the theft was committed, he cured any error that flowed from such lineup. Under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, even constitutional error may be harmless. Under the circumstances in this record we are satisfied beyond a reasonable doubt that the error was harmless. The assignment is overruled.

He lastly contends that the jury verdict was a one-man verdict. He bases this contention on the fact that after the jury found defendant guilty of both counts, petit larceny and concealing, the court reminded the jury of his charge to ignore the second count of the indictment if they found the defendant guilty of the first count. He then inquired if they found the defendant guilty of the first count and the foreman replied "yes". The defendant did not object and did not request that the jury be polled. See T.C.A. 20-1324. He has waived, by his failure to do so, any question about the verdict. See Nance v. State, 210 Tenn. 328, 358 S.W.2d 327. The assignment is overruled.

The judgment of the trial court is affirmed.

We commend court-appointed counsel for diligently representing accused.

Mitchell and Galbreath, JJ., concur.